**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____/

RANDALL S. MILLER & ASSOCIATES, P.C.,
a Michigan Professional Corporation and
RANDALL S. MILLER, an individual,

                                                              Case No.: 14-cv-14447
      Plaintiffs/Counter-Defendants,           Hon. Gerald E. Rosen
                                                              Magistrate Michel Hluchaniuk

vs.

PITNEY BOWES INC., a Delaware Corporation
and PITNEY POWES GLOBAL FINANCIAL
SERVICES, a Delaware Limited Liability Company

      Defendants/Counter-Plaintiffs.

_____/

Sheldon L. Miller (P17785)                Richard T. Hewlett (P41271)
Law Offices of Sheldon L. Miller           Bradley S. Defoe (P70233)
Attorney for Plaintiffs/Counter-Defendants  Attorneys for Defendants/Counter-Plaintiffs
31731 Northwestern Hwy., Suite 280W     Varnum LLP
Farmington Hills, MI 48334                   3900 High Pointe Blvd., Suite 350
(248) 538-3400                                    Novi, MI 48375
_____/

**PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

       NOW COMES Plaintiffs/Counter-Defendants, Randall S. Miller & Associates, P.C. and Randall S. Miller (hereinafter "Plaintiffs"), by and through their counsel, the Law Offices of Sheldon L. Miller, states the following in support of their Complaint and Jury Demand:

## JURISDITION AND VENUE

1. Plaintiff, Randall S. Miller & Associates (hereinafter "RSMA"), is a Domestic Professional Corporation with its principal place of business located in the city of Bloomfield Hills, County of Oakland, State of Michigan.

2. Plaintiff, Randall S. Miller (hereinafter "Miller) is an individual residing in the city of Bloomfield Hills, County of Oakland, Michigan.

3. Defendant, Pitney Bowes Inc., (hereinafter referred to as "Pitney Bowes") is a Delaware Corporation conducting business in the County of Oakland, State of Michigan.

4. Defendant, Pitney Bowes Global Financial Services, LLC (hereinafter referred to as "PBGFS") is a Delaware Limited Liability Company conducting business in the County of Oakland, State of Michigan.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 as complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## FACTS

6. Pitney Bowes provides technology services including the automation of mail processes and training services related thereto.

7. PBGFS is Pitney Bowes' leasing company responsible for leasing the necessary equipment to assist with technology services including the automation of mail processes.

8. RMSA is a law firm that represents banking and lending institutions in connection with various foreclosure related services.

9. On or about January 25, 2011, RSMA contracted with PBGFS for the lease of mail equipment and to assist RSMA in automating various mail processes.

10.   On or about January 25, 2011, Miller, the sole shareholder of RSMA, personally guaranteed the above referenced lease.

11.   On January 28, 2011, RSMA remitted $28,127.00 as a down payment for said lease.

12.   On or about January 25, 2011, RSMA contracted with Pitney Bowes to among other things, install a PlanetPress system for creating mortgage notices and provide training for those RSMA employees who would utilize the system.

13.   The PlanetPress system consisted of various software and hardware packages to ensure the leased equipment performed the functions necessary to assist RSMA.

14.   At all times relevant, Pitney Bowes was responsible for coordinating with Plaintiff RSMA's IT Department relative to the installation of various software and hardware to ensure the leased equipment performed the necessary functions.

15.   Defendant Pitney Bowes was also responsible for providing training to RSMA employees who would be for utilizing the leased equipment.

16.   Defendants represented that the leased equipment would fully automate RSMA's mailing functions.

17.   The leased equipment failed to provide the services Defendants represented it was capable of providing.

18.   RSMA contacted Defendants on numerous occasions from 2011-2014 in an attempt to provide Defendants with an opportunity to remedy the situation.

19.   RSMA continued paying for the leased equipment.

20. Despite numerous service calls and service appointments, Defendants failed to remedy the situation and the leased equipment never properly performed the automated mail services.

21. In 2014, after Defendants could not cause the equipment to properly function, RSMA ceased remitting payments and advised Defendants to pick up the equipment.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiffs hereby reallege each of the allegations in Paragraphs 1-21 as though fully set forth herein.

23. The parties entered into a contract whereby Pitney Bowes and PBGFS would fully automate mailing services that would assist RSMA.

24. RSMA has paid Defendant approximately $157,975.75 pursuant to the contract.

25. Defendants have breached the contract by failing to provide the contracted for services.

26. Defendants breach has resulted in damages to Plaintiffs in the amount of $316,984.65.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants in the amount of $316,984.65 and whatever other relief this court deems just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION (FRAUD IN THE INDUCEMNT)

27. Plaintiffs hereby reallege each of the allegations in Paragraphs 1-26 as though fully set forth herein.

28. Defendants intentionally made false representations of material facts regarding the capability of the equipment to perform fully automated functions that would assist RSMA specifically:

 a. Defendants represented that the leased equipment would print and stuff mailings for all states.

 b. Defendants represented that the leased equipment would sort and stamp all mail.

 c. Defendants represented that their software would fully integrate with Plaintiff RSMA's software.

 d. Defendants represented that the automated functions would save Plaintiff RSMA money and that the leased equipment would "pay for itself" as a result of the savings on postage alone.

 e. Defendants represented that Plaintiff RSMA employees would be provided training specific to the machine, but the training provided was general and did not assist Plaintiff RSMA employees.

29. Defendants' representations regarding the capability of the equipment were false when made as the machine and made to induce Plaintiff RSMA to enter into a contract for the lease of the equipment at issue and to further induce Plaintiff Miller to guarantee the lease.

30. Defendants knew that its representations were false when they were made or they were made recklessly, without knowing whether or not they were true.

31. Defendants intended that Plaintiffs rely on the representations.

32. Plaintiff RSMA relied upon the representations when it agreed to lease the equipment from PBGFS and entered into a separate contract with Pitney Bowes.

33. Plaintiff Miller relied upon the representations when he agreed to personally guarantee the lease.

34. Plaintiffs have suffered and will continue to suffer substantial economic damages as a result of Defendants' fraudulent misrepresentations.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants in the amount of $316,984.65 and whatever other relief this court deems just and proper.

## COUNT III
## INNOCENT MISREPRESENTATION

35. Plaintiffs hereby reallege each of the allegations in Paragraphs 1-34 as though fully set forth herein.

36. Defendants' representations, as set forth in the preceding paragraphs, were made to induce Plaintiffs to enter into a contract with Defendants.

37. RSMA would not have entered into the contract with Defendants to lease the equipment for the purposes of automating its mailings had Defendants not made the representations regarding the capability of the mailing equipment.

38. Miller would not have guaranteed the lease between PBGFS and RSMA in the absence of these representations.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants in the amount of $316,984.65 and whatever other relief this court deems just and proper.

Dated: January 23, 2015 /s/ Sheldon L. Miller
Sheldon L. Miller (P17785)
Law Offices of Sheldon L. Miller
31731 Northwestern Hwy., Suite 280W
Farmington Hills, MI 48334
(248) 538-3400